UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| GRACE THOMAS, JOYCELYN WILLIS, JACQUES WILLIS, and MARY SHEFTON, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:04CV525 |
| FREEWAY FOODS, INC., and WAFFLE HOUSE, INC., | ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM ORDER

TILLEY, Chief Judge

  This case arises from a dispute between Plaintiffs Grace Thomas, Joycelyn Willis, Jacques Willis, and Mary Shefton and Defendants Freeway Foods, Inc. and Waffle House, Inc. regarding allegations of race discrimination at a Waffle House restaurant in Salisbury, North Carolina. From January 10 through January 13, 2005 a jury trial was held in this case. On January 13, 2006 a jury verdict was entered in favor of Defendants [Doc. #129]. On January 23, 2006, a Judgment was entered by this Court [Doc. #131]. In that Judgment, Defendants, the prevailing party, were awarded costs, to be taxed against Plaintiffs, in accordance with Rule 54(d)(1) of the Federal Rules of Civil Procedure.

  Plaintiffs filed a Motion to Amend the Judgment on February 10, 2006 [Doc. #132] requesting that the Court deny taxation of costs against Plaintiffs. On

February 27, 2006, Defendants filed a Response in Opposition to Plaintiffs' Motion to Amend Judgment [Doc. #135].[1]

Pursuant to Federal Rule of Civil Procedure 54(d)(1), "in the ordinary course, a prevailing party is entitled to an award of costs." Teague v. Bakker, 35 F.3d 978, 996 (4th Cir. 1994); Fed. R. Civ. P. 54(d)(1) ("["Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys fees shall be allowed as a matter of course to the prevailing party unless the court otherwise directs."). The rule gives rise to a presumption in favor of an award of costs to the prevailing party. See Teague, 35 F.3d at 996. The Fourth Circuit has required any departure from this general rule be accompanied by a justification from the district court "articulating some good reason for doing so." Id. (citing Oak Hall Cap & Gown Co. v. Old Dominion Freight Line, Inc., 899 F.2d 291, 296 (4th Cir. 1990)). The district court is given the discretion to deny the award of costs only when there would be an element of injustice in a presumptive cost award. Cherry v. Champion Intern. Corp., 186 F.3d 442, 446 (4th Cir. 1999) (citing Delta Air Lines, Inc. v. August, 450 U.S 346, 355 n.14, 101 S. Ct. 1146, 1151 (1981)). The Fourth Circuit has recognized some factors that may justify denying an award of costs, such as misconduct of the prevailing party, inability to pay, excessiveness in a particular case, the limited

---

[1] Plaintiffs' Motion for Cost and Fees Disallowance [Doc. #136], filed on February 27, 2006, will be addressed separately.

2

value of the prevailing party's victory, or the closeness and difficulty of the issues decided in the case.  See Cherry, 186 F.3d at 446.

Plaintiffs first contend that costs should not be assessed because of their limited financial means in comparison to the corporate Defendants.  Indeed this factor has been considered by courts in decisions to deny taxation of costs.  See Congregation of the Passion v. Touche, Ross & Co., 854 F.2d 219, 222 (7th Cir. 1988).  Plaintiffs, however, have only provided the following in support of this contention:  (1) "Three of the four plaintiffs are not able to work due to age and/or disability" (Pl.'s Mem. Supp. Mot. Am. J. 1); and (2) Plaintiffs statement, "I could not have brought a lawsuit on my own because I do not have the financial means to do so" (Ms. Willis Aff. ¶28; Ms. Shefton Aff. ¶ 17; Ms. Thomas Aff. ¶26; Mr. Willis Aff. ¶20).  This assertion does not support a finding that taxing Plaintiffs with the costs of this litigation would be unjust or inequitable.[2]  See Cherry, 186 F.3d at 447 (reversing denial of costs by district court because plaintiff had not specifically addressed whether she was of such modest means that it would be unjust or inequitable to enforce Rule 54(d)(1) against her).  Additionally, Plaintiffs' implication that awarding costs to the two corporate defendants would be inequitable because of the parties comparative economic position has been directly rejected by the Fourth Circuit.  Id. at 448 ("[T]he plain language of Rule 54(d) does

---

[2] Defendants' Bill of Costs totals $5,811.42, resulting in approximately $1,453.00 for each defendant.  However, because Plaintiffs have moved to disallow some of these costs, the final amount due may be less than this amount.

3

not contemplate a court basing awards on a comparison of the parties' financial strengths. To do so would not only undermine the presumption that Rule 54(d)(1) creates in prevailing parties' favor, but it would also undermine the foundation of the legal system that justice is administered to all equally, regardless of wealth or status.")

Plaintiffs also contend that an award of costs against them is inequitable because their claims were pursued in good faith and the case was close and difficult. Indeed, that a suit was brought in good faith is a factor in a determination of whether an award of costs is appropriate. See Teague, 35 F.3d at 996 (suggesting that "good faith on the part of the losing party would be a virtual prerequisite to a denial of costs in favor of the prevailing party"). The Fourth Circuit, however, has held that "the mere fact that a suit may have been brought in good faith is alone insufficient to warrant a denial of costs in favor of the prevailing defendant. Id. ("[T]o hold otherwise would frustrate the rule that, in the ordinary case, a prevailing party is entitled to an award of costs.") (citing Coyne-Delany Co. v. Capital Dev. Bd., 717 F.2d 385, 392 (7th Cir. 1983).

Finally, Plaintiffs contend that the nature of their lawsuit – alleged civil rights violations – supports a departure from the presumption of costs in this case. Plaintiffs claim that taxing costs against them in this case may dissuade other litigants of limited financial means from pursuing discrimination claims. This argument, however, was also rejected by the Fourth Circuit in Cherry v. Champion

4

International Corp. 186 F.3d at 448. In that case, involving alleged violations of Title VII, the court held:

> The language of Rule 54(d)(1) does not provide that the presumptive award of costs may be defeated because of the nature of the underlying litigation. On the contrary, it provides that '[e]xcept when express provision therefor is made either in a statute of the United States or in these rules,' the cost-shifting to the prevailing party otherwise applies in *all* cases. . . .

Id. (citations omitted). Similarly, there is no statutory provision or rule exempting costs from being assessed in civil rights cases. Thus, Plaintiffs contention is rejected.[3]

Thus, Plaintiffs have failed to provide a justification for departing from the presumptive award of costs set out in Rule 54(d)(1). Fed. R. Civ. P. 54(d)(1). Accordingly, Plaintiffs' Motion to Amend Judgment [Doc. #132] is DENIED.

This the day of April 6, 2006

                                                /s/ N. Carlton Tilley, Jr.
                                                United States District Judge

---

[3] Similarly, Plaintiffs' contention that because the three firms representing them took this case as a public service the judgment should be amended is also rejected. Plaintiffs have provided no support for their argument that the status of the lawyers in a case is a factor in the determination of whether departure from the presumption in Rule 54(d)(1) is justified. Fed. R. Civ. P. 54(d)(1).

5